IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

|  |  |
|---|---|
| DAVID SIMMONS,<br><br>      Petitioner,<br><br> vs.<br><br><br>SUPERINTENDENT HAUSER,[1]<br><br>      Respondent. | No. 3:19-cv-00244-JKS<br><br><br>ORDER<br>[Re: Motion at Docket No. 16]<br>and<br>MEMORANDUM DECISION |

   David Simmons, a state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Simmons is in the custody of the Alaska Department of Corrections ("DOC") and incarcerated at Goose Creek Correctional Center as a result of his 1995 conviction for first-degree burglary, second-degree assault, third-degree assault, and misconduct involving a deadly weapon. *See Simmons v. State, Dep't of Corr.*, 426 P.3d 1011, 1015 (Alaska 2018). Prior to Simmons' scheduled release on mandatory parole in 2014, a parole officer required Simmons to provide a DNA sample as a condition of his parole.

---

[1]   The correct spelling of Respondent's name is "Houser."

*Id.* Simmons refused and, following a disciplinary hearing in 2014, was subsequently found guilty of a prison disciplinary infraction.[2] *Id.*

In the instant Petition, Simmons does not challenge his 1995 conviction, but rather challenges the 2014 prison disciplinary infraction[3] on the ground that the Alaska Supreme Court's decision upholding the Department of Corrections' disciplinary decision contravenes or unreasonably applies clearly-established Federal law by concluding that the State's DNA sample requirement does not violate the Ex Post Facto Clause in Article I, Section 10 of the U.S. Constitution.[4] Docket No. 1; *see Simmons*, 426 P.3d at 1017-20; U.S. CONST. art. I, § 10 ("No State shall . . . pass any . . . ex post facto Law . . . ."). Respondent has answered, and Simmons has replied. Also pending before the Court is Simmons' motion for oral argument on his Petition and the competing cross-motions for summary judgment. Docket Nos. 9. 12, 16. The Court has considered the motion for oral argument and determined that oral argument is not necessary for the resolution of Simmons' Petition and the pending motions. Accordingly, the Motion for Oral Argument at Docket No. 16 is denied.

---

[2]    *See* ALASKA STAT. ANN. § 11.56.760 (making it a class C felony for persons convicted of certain crimes to refuse to provide a DNA sample to an officer upon request); 22 Alaska Administrative Code 05.400(c)(24) (making it a prison disciplinary infraction to commit a class C or B felony).

[3]    *See* https://records.courts.alaska.gov/ (Case No. 3PA-14-01187CI).

[4]    In 1995, the Alaska Legislature passed Alaska Statute § 44.41.035, which created the state's DNA identification registration system and applied to "all convictions occurring on or after [January 1, 1996]." Because Simmons was convicted in 1995, before its effective date, he was not required to provide a DNA sample under the 1995 Act. *Simmons*, 426 P.3d at 1016. In 2003, the Legislature expanded the list of qualifying crimes, and made the changes applicable to all convictions after July 1, 2003. Ch. 88, §§ 12, 16, SLA 2003. Simmons was thus required to provide a DNA sample under the 2003 Act. *Simmons,* 426 P.3d at 1016.

## II.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2).  A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).  The term unreasonable is a common term in the legal world.  The Supreme Court has cautioned, however, that the range of reasonable judgments may depend in part on the nature of the relevant rule argued to be clearly established federal law. *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity.  The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.").

The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision." *Id.* at 412.  The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts. *Early v. Packer*, 537 U.S. 3, 10 (2002).  Where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (citation omitted).

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S.

Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *See Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)). A summary denial is an adjudication on the merits and entitled to deference. *Harrington v. Richter*, 562 U.S. 86, 99 (2011). Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

## II. DISCUSSION

As an initial matter, Respondent urges the Court to dismiss Simmons' Petition as unexhausted. This Court may not consider claims that have not been fairly presented to the state courts. 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases). Exhaustion of state remedies requires the petition to fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). A petitioner must alert the state courts to the fact that he is asserting a federal claim in order to fairly present the legal basis of the claim. *Id.* at 365-66. To satisfy the "fairly present" requirement, the petitioner must present his or her federal claim to "each appropriate court (including a state supreme court with powers of discretionary review)" so that the each court is alerted to the federal nature of the claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513 U.S. 364, 365–66

(1995) (per curiam).  In Alaska, this means that claims must first be presented to the Alaska Superior Court.  If the petitioner disagrees with that result, the claim should be raised to the Alaska Court of Appeals, and if he disagrees with that result, the claim should be raised in a petition for hearing to the Alaska Supreme Court.

In this case, the Court initially screened the Petition and believed that Simmons had fully exhausted his due process challenge to the mandatory DNA requirement because he appealed the DOC's 2014 disciplinary determination to the Court of Appeals, which affirmed it, and then petitioned for review in the Alaska Supreme Court.  Respondent has now provided documentary evidence that Simmons in no longer in state custody pursuant to the 2014 disciplinary determination.  Rather, he is currently in custody because the DOC revoked his parole on December 14, 2016,[5] based on the same refusal to submit to mandatory DNA testing.  *See* Docket No. 9-2 at 1-3.  Respondent avers that, "at all times relevant to this petition, Simmons was incarcerated due to his parole revocation, not due to the DOC disciplinary decision at issue in *Simmons v. DOC*."  Docket No. 9 at 3.  The record does not indicate that Simmons pursued an action for post-conviction relief under Alaska Statute 12.72.010(5) challenging the DOC's revocation of his mandatory parole.  Accordingly, Simmons' Petition is subject to dismissal for lack of exhaustion.  *Arrendondo v. Neven*, 763 F.3d 1122 (9th Cir. 2014).

In any event, even if Simmons had fully exhausted his claim with respect to the basis of his current custody, he would not be entitled to relief on it.  *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").  Neither the U.S.

---

[5]    If Simmons were still on parole, his claim would be properly addressed under 42 U.S.C. § 1983 as relating solely to a condition of Simmons' confinement.  *See Lynch v. Alamedia*, 111 F. App'x 932, 932 (9th Cir. 2004).  Because Simmons' refusal to submit a DNA sample subjects him to continued confinement beyond his mandatory parole date, it appears that his challenge concerns the fact or duration of his confinement.  The Court will therefore assume that Simmons has properly raised his claim under 28 U.S.C. § 2254.  *See Preiser v. Rodriguez*, 411 U.S. 475, 488-89 (1973) ("Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983.).

Supreme Court nor the Ninth Circuit Court of Appeals have had occasion to consider the precise issue here: whether Alaska's statutory requirement that persons convicted of certain crimes provide a DNA sample for Alaska's DNA identification registration system violates the Federal Constitution's prohibition against Ex Post Facto laws. The Alaska Supreme Court answered "no" to this question in considering Simmons' appeal of his 2014 disciplinary infraction. Simmons contends that the Alaska Supreme Court's determination was contrary to, or an unreasonable application of, clearly-established authority of the U.S. Supreme Court.

Because neither the U.S. Supreme Court or the Ninth Circuit have considered Alaska's statutory requirements regarding DNA collection, this Court looks to other decisions of the U.S. Supreme Court involving analogous circumstances to determine whether that court has established a rule that would be applicable in the instant case. The Court also looks to Ninth Circuit precedent to see whether it has held that a rule is clearly established under Supreme Court authority, although the circuit decisions "may not 'be used to refine or sharpen a general principle of Supreme Court jurisprudence into specific legal rule that [the Supreme] Court has not announced.'" *Carter v. Davis*, 946 F.3d 489, 508 (9th Cir. 2019) (quoting *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013) (per curiam)).

In an analogous context, the U.S. Supreme Court has considered whether the Alaska Sex Offender Registration Act ("ASORA"), which requires certain offenders to register in a public database, violates the Ex Post Facto Clause of the U.S. Constitution. Employing the intent-effects test to determine whether ASORA's effects were punitive despite the Alaska Legislature's nonpunitive intent, the Court determined that ASORA did not offend the U.S. Constitution's Ex Post Facto Clause. *Smith v. Doe*, 538 U.S. 84, 91-93 (2003). As the Alaska Supreme Court reasonably concluded in rejecting Simmons' claim on direct appeal, "[i]f the Supreme Court concluded ASORA, a far more intrusive (and in our view, punitive) law, did not offend the U.S. Constitution's ex post facto clause, the [U.S. Supreme] Court certainly would

uphold a federal ex post-fact[o] challenge to Alaska's registry process."[6] *Simmons*, 426 P.3d at 1020.

Moreover, the Ninth Circuit has long upheld the constitutionality of laws requiring, as condition of supervised release, felons to provide a DNA sample via blood collection. In *United States v. Hug*, 384 F.3d 762, 769 (9th Cir. 2004), the Ninth Circuit held that the procedures set forth in the DNA Act, 42 U.S.C. § 14135a, did not violate the Fourth Amendment's right to privacy. 384 F.3d at 769. In *United States v. Kriesel*, 508 F.3d 941, 946-49 (9th Cir. 2007), the Ninth Circuit applied the totality of the circumstances test and found that the 2004 amendment of the federal DNA Act, which required all persons convicted of felonies to submit to DNA collection, did not violate the Fourth Amendment as applied to parolees. More recently, the Ninth Circuit found that California's DNA and Forensic Identification Data Base and Data Bank Act ("California DNA Act"), which requires convicted felons on supervised release to provide blood samples for DNA identification and allows for these DNA samples to be shared with outside law enforcement agencies, did not violate the Fourth Amendment. *Hamilton v. Brown*, 630 F.3d 889, 894 (9th Cir. 2011). The Ninth Circuit adopted the reasoning set forth by the plurality in *United States v. Kincade*, 379 F.3d 813 (9th Cir. 2004), and reasoned that there are compelling state interests in obtaining DNA identification from individuals on supervised release, such as "(1) ensuring compliance with the conditions of supervised release (by making it more likely that violations will be detected); (2) deterrence (by alerting the supervised releasee that the government will be able to identify him if he re-offends); (3) 'contributing to the solution of past crime' to 'help[] bring closure to countless victims of crime who have

---

[6]     Importantly, the Alaska Supreme Court concluded that ASORA was so punitive in purpose or effect as to overcome the Alaska Legislature's civil intent, and thus application of ASORA to a sex offender who committed his crime and was convicted prior to the Act's effective date violated the Ex Post Facto Clause of the Alaska Constitution. *Doe v. State*, 189 P.3d 999 (Alaska 2008). In considering Simmons' challenge to the state's DNA requirements, the Alaska Supreme Court was bound by its decision in *Doe* when it determined that the DNA requirements, unlike ASORA, were not punitive in nature.

languished in the knowledge that perpetrators remain at large.'" *Hamilton*, 630 F.3d at 894-96 (citing *Kincade*, 379 F.3d at 838-39).

Of particular relevance here, the Ninth Circuit has concluded that the application of the federal DNA Act to a federal parolee on supervised release did not violate the federal Ex Post Facto Clause because it "does not have a 'punitive' effect sufficient to outweigh Congress's non-punitive intent." *United States v. Reynard*, 47 F.3d 1008, 1021 (9th Cir. 2007). The same is true of Alaska's statutory obligation for certain convicted felons to provide a DNA sample as a condition of supervised release. As the Alaska Supreme Court explained in rejecting Simmons' Ex Post Facto challenge to his disciplinary infraction on direct appeal, "the effects of AS 44.41.035 and its implementing statutes are not punitive in nature. The DNA registry has a valid regulatory purpose of collecting and maintaining identifying information in a database to aid law enforcement efforts and to enhance public safety similar to the purposes of fingerprinting." *Simmons*, 426 P.3d at 1020. Simmons fails to show that the Alaska Supreme Court's rejection of his Ex Post Facto claim is contrary to, or an unreasonable application of, clearly-established Federal law. Accordingly, Simmons is not entitled to relief on this claim in any event.

## III. CONCLUSION AND ORDER

Simmons is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Motion for Oral Argument at Docket No. 16 is **DENIED**.

**IT IS FURTHER ORDERED THAT** all other pending motions are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree

with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)).  Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals.  *See* Fed. R. App. P. 22(b); 9th Cir. R. 22-1.

The Clerk of the Court is to enter judgment accordingly.

Dated: April 13, 2020.

s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge